IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY LAURIE SMITH, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0741-K |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | Referred to Magistrate Judge |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. § 2254.

Parties: Petitioner presently resides in Dallas, Texas. The petition names as Respondent the Director of Texas Department of Criminal Justice (TDCJ-CID).

The Court did not issue process in this case, pending preliminary screening. On July 30, 2007, the Magistrate Judge issued a questionnaire to Petitioner, who filed his answers thereto on September 4, 2007.

Statement of the Case: Petitioner seeks to challenge a January 25, 2005 conviction for possession of a controlled substance from the 86th District Court of Kaufman County, Texas, in

Cause No. 21-670. (Amended Petition (Amd. Pet.) at 2). On January 25, 2005, punishment was assessed at two years confinement. (*Id.*). The Court of Appeals affirmed the trial court's judgment. *Smith v. State of Texas*, No. 05-05-00224-CR (Tex. App. -- Dallas, Sep. 26, 2005, pet. ref). On December 19, 2005, Petitioner filed a motion for leave to file a petition for writ of mandamus, which the Texas Court of Criminal Appeals denied on September 13, 2006, because he had an adequate remedies to seek an out-of-time appeal. *See Ex parte Smith,* No. WR-63,694-01.

In this action, initially filed on April 26, 2007, Petitioner alleges he was denied appointed counsel on direct appeal, his conviction was obtained by the use of evidence gained from an unconstitutional search and seizure, he was denied the right to a speedy trial, the prosecution failed to disclose exculpatory evidence, he was convicted in violation of the double jeopardy clause, he was denied effective assistance of counsel at trial, he was denied the right to appeal, and the petit jury was unconstitutionally selected and impaneled. (Amd. Pet. at 5-14).

Findings and Conclusions: The present petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his two-year sentence for

possession of a controlled substance. More than two years have elapsed since he was convicted and sentenced for possession of a controlled substance on January 25, 2005. His own pleadings confirm that he resides in Dallas, Texas, and he has submitted no documents to establish that he is still serving time on his two-year sentence. The fact that Petitioner was denied appointed counsel on appeal, and his appeal was submitted without a brief, does not alter the fact that he is no longer "in custody" on the basis of his two-year sentence. Accordingly, the District Court should dismiss the current petition for want of jurisdiction. *See Maleng v. Cook,* 490 U.S. 488, 492 (1989).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be DISMISSED for want of jurisdiction because Petitioner cannot satisfy the "in custody" requirement.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 18th day of September, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.